IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS, SMITH DIST.

FILED

SCOTT DAY,
individually and on behalf of
all others similarly situated

PLAINTIFF

2013 MAY 20 ␣␣ 11 19



CIR. CLERK SEB. CO.

v.   Case No. CV-13-516 VI

WHIRLPOOL CORPORATION                                    DEFENDANT

## CLASS ACTION COMPLAINT

Comes Plaintiff Scott Day, individually and on behalf of all others similarly situated, and for his Class Action Complaint (herein referred to as the "Complaint") states:

### I. PARTIES

1. Plaintiff, Scott Day (herein referred to as "Plaintiff"), is a citizen and resident of Sebastian County, Arkansas and is the owner of real estate in the area impacted by an environmental disaster described below.

2. Defendant, Whirlpool Corporation (herein referred to as "Whirlpool"), is a foreign business entity with its principal place of business located in the State of Michigan.

### II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter. Venue is proper in Sebastian County, Arkansas pursuant to Ark. Code Ann. §16-60-101.

### III. FACTUAL ALLEGATIONS

4. Whirlpool currently owns and formerly operated a manufacturing facility in Fort Smith, Arkansas.

5. According to Whirlpool, for decades, it utilized a toxic chemical, trichloroethylene, to clean metal refrigerator parts before assembly at its manufacturing plant in Fort Smith.



6. Whirlpool has admitted to the Fort Smith City Directors that the chemical trichloroethylene was gradually leaked into the groundwater at its Fort Smith facility over time from the north end of the company's property at 6400 Jenny Lind Road. In addition, Whirlpool has represented that it has no record of a trichloroethylene spill and that it did not discover the chemical in the groundwater at its plant until approximately 2000, at which time Whirlpool claims that it notified the Arkansas state environmental agency.

7. Whirlpool, through Jeff Noel, its corporate vice president for communications and public affairs has admitted to the City of Fort Smith its liability for the contamination and has stated as follows:

> "Whirlpool takes responsibility for the release from our plant and we are committed to handling the situation in an open and responsible manner."

8. Whirlpool claims that since 2000 it has been working with state regulators to determine the extent of the contamination and devise methods to clean it up. Whirlpool, according to its officials, has utilized two (2) methods within the last year to clean up the trichloroethylene-sucking it out of the ground and trying to neutralize it chemically. Unfortunately, both attempts were unsuccessful.

9. The Sebastian County Assessor, in recognition of the economic impact on the property owners in the impacted area, has graciously reduced real estate values twenty-five to seventy-five percent (25%-75%) for real estate tax purposes to assist the impacted real estate property owners.

10. Plaintiff contacted Whirlpool directly about remediating the environmental problem at his real property which is located within the impacted area and compensating him for his

economic loss. Whirlpool has failed and refused to provide Plaintiff and the other putative class members compensation and/or to implement a viable plan to clean up the environmental disaster.

## IV. CLASS ACTION ALLEGATIONS

11.     Pursuant to Arkansas Rule of Civil Procedure 23, Plaintiff brings this action on behalf of a class defined as follows:

> All residents in Sebastian County, Arkansas whose property has been impacted by the leakage of the chemical trichloroethylene into the groundwater beneath the surface of the contaminated area which emanated from the manufacturing plant owned and formerly utilized by Whirlpool Corporation. Excluded from the class is Whirlpool Corporation and its officers, directors, management, employees, subsidiaries, or affiliates.

12.     Members of the class are so numerous that joinder is impracticable. Plaintiff believes that there are approximately fifty-five (55) parcels of property that have been directly impacted in the contaminated area. The class is readily identifiable from the information and records maintained by Whirlpool.

13.     Plaintiff's claims are typical of the claims of the members of the class. Plaintiff and all members of the class were damaged by the same wrongful conduct of Whirlpool.

14.     Plaintiff will fairly and adequately protect and represent the interests of the class. The interests of the Plaintiff are coincident with, and not antagonistic to, those of the class.

15.     Plaintiff is represented by counsel who is experienced and competent in the prosecution of class action litigation.

16.     Questions of law and fact common to the members of the class predominate over questions that may affect only individual class members because Whirlpool has acted on grounds

generally applicable to the entire class, thus determining damages with respect to the class as a whole is appropriate. Such generally applicable conduct is inherent in Whirlpool's wrongful conduct.

17. Questions of law and fact common to the class include:

(a) whether the chemical trichloroethylene leaked into the groundwater at Whirlpool's Fort Smith facility;

(b) whether the alleged leak migrated onto the adjacent real property owned by Plaintiff and the putative class members;

(c) whether the leakage has caused a trespass as defined by Arkansas law on the real property owned by Plaintiff and the putative class members;

(d) whether the leakage constitutes a nuisance as defined by Arkansas law that impacts Plaintiff and the putative class members;

(e) whether the actions of Whirlpool as described in the Complaint constitute a violation of the Arkansas Deceptive Trade Practices Act;

(f) whether Whirlpool has fraudulently concealed the nature and extent of the environmental disaster from Plaintiff and the other putative class members;

(g) whether Plaintiff and the putative class members are entitled to damages for the alleged trespass, nuisance and violation of the Arkansas Deceptive Trade Practices Act; and

(h) whether Plaintiff and the putative class members are entitled to punitive damages.

18. Class action treatment is a superior method for the fair and efficient adjudication of the controversy. Such treatment will permit a relatively large number of similarly situated persons or entities to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender. The benefits of proceeding through the class mechanism, including providing injured persons or entities a method for obtaining redress on claims that could not practically be pursued individually, substantially outweighs potential difficulties in management of this class.

19. Plaintiff knows of no special difficulty to be encountered in the maintenance of this class action.

## V. CLAIMS FOR RELIEF
### A. Trespass

20. Plaintiff and the putative class members restate and reallege each and every allegation set forth in Paragraph Nos. 1-19 above.

21. Based specifically on the conduct referred to above, Whirlpool has trespassed on the real property of Plaintiff and the putative class members.

22. Whirlpool's failure to remediate the contamination constitutes a willful and continuing illegal act under Arkansas law.

23. As a result thereof, Plaintiff and the putative class members are entitled to damages in an amount to be determined by the trier fact in excess of that required for federal court jurisdiction in diversity of citizenship cases.

### B. Nuisance

24. Plaintiff and the putative class members restate and reallege each and every allegation set forth in Paragraph Nos. 1-23 above.

25. Based upon the allegations set forth above, Whirlpool's conduct constitutes a substantial and unreasonable interference with the use and enjoyment of Plaintiff's real property and the real property owned by the putative class members.

26. The interference with the peaceful enjoyment of the real property of Plaintiff and the putative class members has created a reasonable fear for the safety of the individuals within the impacted area.

27. As a result of the aforementioned conduct, Plaintiff and the putative class members are entitled to damages in an amount to be determined by the trier fact in excess of that required for federal court jurisdiction in diversity of citizenship cases.

### C. Violation of the Arkansas Deceptive Trade Practices Act

28. Plaintiff and the putative class members restate and reallege each and every allegation set forth in Paragraph Nos. 1-27 above.

29. Based specifically on the conduct described herein, Whirlpool has engaged in unconscionable, false, and deceptive acts and practices in business and commerce.

30. As a proximate result thereof, Plaintiff and the putative class members have been damaged in an amount to be determined by the trier of fact in excess of that required for federal court jurisdiction in diversity of citizenship cases.

### D. Fraudulent Concealment

31. The violations of law are continuing in nature because the damages that Whirlpool has caused is not complete and/or ascertainable. In addition, the fact that Whirlpool has failed and/or refused to remove the contamination constitutes a continuing wrong and therefore all applicable statute of limitations have been tolled.

### E. Punitive Damages

32. Plaintiff and the putative class members restate and reallege each and every allegation set forth in Paragraph Nos. 1-31 above.

33. Whirlpool knew or ought to have known, in the light of the surrounding circumstances, that its conduct would naturally and probably result in damage and that Whirlpool continued such conduct with malice or reckless disregard of the consequences from which malice

may be inferred. In addition, Whirlpool intentionally pursued a course of conduct for the purpose of causing damage to Plaintiff and the putative class members.

34.     As a result thereof, Plaintiff and the putative class members are entitled to damages in an amount to be determined by the trier fact in excess of that required for federal court jurisdiction in diversity of citizenship cases.

WHEREFORE, Plaintiff, Scott Day and the putative class members respectfully pray for judgment in an amount to be determined by the trier fact in excess of that required for federal court jurisdiction in diversity of citizenship cases, their costs, attorney's fees, and for all other proper relief.

Respectfully Submitted,

SHEMIN LAW FIRM, PLLC
3333 Pinnacle Hills Parkway
Suite 603
Rogers, Arkansas 72758
Telephone: (479) 845-3305
Facsimile: (479) 845-2198

By: _____

Kenneth R. Shemin
Arkansas Bar No. 78138

## SUMMONS

## IN THE CIRCUIT COURT OF
## SEBASTIAN COUNTY, ARKANSAS
## CASE NUMBER: CV-13- 516 VI

| PLAINTIFF: | SCOTT DAY, individually and on behalf of all others similarly situated |
|---|---|
| v. | |
| DEFENDANT: | WHIRLPOOL CORPORATION |

**Plaintiff's Attorney:** Kenneth R. Shemin
3333 Pinnacle Hills Parkway, Suite 603
Rogers, Arkansas 72758

**STATE OF ARKANSAS TO DEFENDANT:**   WHIRLPOOL CORPORATION
CORPORATION SERVICE COMPANY
300 SPRING BUILDING, SUITE 900
LITTLE ROCK, ARKANSAS 72201

## NOTICE

1.   You are hereby notified that a lawsuit has been filed against you in connection with the above-referenced matter; the relief requested is stated in the attached Complaint.

2.   The attached Complaint may be considered admitted by you and an order by default may be entered against you for the relief asked in the Complaint unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements.

   A.   It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.

   B.   It must be filed in the court clerk's office within **thirty (30)** days from the day you were served with this summons.

3.   If you desire to be represented by an attorney, you should immediately contact your attorney so that a response can be filed for you within the time allowed.

4.   ADDITIONAL NOTICES:_____

WITNESS MY HAND AND SEAL OF THE COURT this 20th day of May, 2013.

**DENORA COOMER**

Ms. Denora D. Coomer
Sebastian County Circuit Clerk
901 South B Street, Room 205
Fort Smith, Arkansas 72901

_____
Deputy Clerk

Multiple claims. If a complaint asserts multiple claims which involve different subject matter divisions of the circuit court, the cover sheet for that division which is most definitive of the nature of the case should be selected and completed.

## COVER SHEET
## STATE OF ARKANSAS
## CIRCUIT COURT: CIVIL

> To Save a copy of this form to your computer, please click the disk icon on the toolbar above.

The civil reporting form and the information contained herein shall not be admissible as evidence in any court proceeding or replace or supplement the filing and service of pleadings, orders, or other papers as required by law or Supreme Court Rule. This form is required pursuant to Administrative Order Number 8. Instructions are located on the back of the form.

**FILING INFORMATION**

County: _Sebastian_  District: _____  Docket Number: _CV-13-516_

Judge: _Cox_  Division: _VI_  Filing Date: _5-20-13_

Plaintiff: _Scott Day and all others similarly situated_  Defendant: _Whirlpool Corporation_

Attorney Providing Information: _Kenneth R. Shemin_  _Shemin Law Firm, PLLC_
☑ Plaintiff   ☐ Defendant   ☐ Intervenor   Address  3333 Pinnacle Hills Parkway, Suite 603
                                                    Rogers, AR 72758

Litigant, if Pro Se: _____

Related Case(s): Judge _____   Address
                                 Case Number(s) _____

**Type of Case:**

*Torts*
- ☐ (NM) Negligence: Motor Vehicle
- ☐ (NO) Negligence: Other
- ☐ (BF) Bad Faith
- ☐ (FR) Fraud
- ☐ (MP) Malpractice
- ☐ (PL) Product Liability
- ☑ (OD) Other _Trespass, Nuisance_

*Contracts*
- ☐ (IS) Insurance
- ☐ (DO) Debt: Open Account
- ☐ (PN) Debt: Promissory Note
- ☐ (EM) Employment
- ☐ (OC) Other _____

*Equity*
- ☐ (FC) Foreclosure
- ☐ (QT) Quiet Title
- ☐ (IJ) Injunction
- ☐ (PT) Partition
- ☐ (OT) Other _____

*Miscellaneous*
- ☐ (CD) Condemnation
- ☐ (RE) Replevin
- ☐ (DJ) Declaratory Judgment
- ☐ (UD) Unlawful Detainer
- ☐ (IN) Incorporation
- ☐ (EL) Election
- ☐ (FJ) Foreign Judgment
- ☐ (WT) Writs _____
- ☐ (AA) Administrative Appeal
- ☐ (CF) Property Forfeiture
- ☐ (RD) Remove Disabilities
- ☐ (NC) Name Change
- ☐ (OM) Other _____

Jury Trial Requested: ☑ Yes ☐ No

Manner of Filing: ☑ Original  ☐ Re-open  ☐ Transfer
                  ☐ Return from Federal/Bankruptcy Court

**DISPOSITION INFORMATION**

Disposition Date: _____   ☐ Bench Trial   ☐ Non-Trial   ☐ Jury Trial

**Judgment Type:**
- ☐ (DJ) Default Judgment
- ☐ (SJ) Summary Judgment
- ☐ (CJ) Consent Judgment
- ☐ (TJ) Trial Judgment
- ☐ (OJ) Other Judgment
- ☐ (PG) Petition Granted
- ☐ (PD) Petition Denied
- ☐ (DF) Decree of Foreclosure

**Dismissal Type:**
- ☐ (DW) Dismissed with Prejudice
- ☐ (DN) Dismissed without Prejudice

**Other:**
- ☐ (TR) Transferred to Another Jurisdiction
- ☐ (RB) Removed to Bankruptcy Court
- ☐ (RF) Removed to Federal Court
- ☐ (AR) Arbitration

**Judgment For:**
☐ Plaintiff   ☐ Defendant   ☐ Both   Judgment Amount: $ _____

Clerk's Signature _____   Date _____

AC 23  10-01
625 Marshall Street
Little Rock, AR 72201

Send 1 paper or electronic copy to AOC upon filing.
Send 1 paper or electronic copy to AOC upon disposition.
Keep original in court file.

Effective 1-1-2002