FILED

**IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS** 6TH DIST.

2013 MAY 20 PM 1 19
Susie Hassett
CIR. CLERK SEB. CO.

**SCOTT DAY,**                                                                                   **PLAINTIFF**
**individually and on behalf of**
**all others similarly situated**

v.                                        Case No. **CV-13- 516** *VI*

**WHIRLPOOL CORPORATION**                                          **DEFENDANT**

## CLASS ACTION COMPLAINT

Comes Plaintiff Scott Day, individually and on behalf of all others similarly situated, and for his Class Action Complaint (herein referred to as the "Complaint") states:

### I. PARTIES

1.      Plaintiff, Scott Day (herein referred to as "Plaintiff"), is a citizen and resident of Sebastian County, Arkansas and is the owner of real estate in the area impacted by an environmental disaster described below.

2.      Defendant, Whirlpool Corporation (herein referred to as "Whirlpool"), is a foreign business entity with its principal place of business located in the State of Michigan.

### II. JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter. Venue is proper in Sebastian County, Arkansas pursuant to Ark. Code Ann. §16-60-101.

### III. FACTUAL ALLEGATIONS

4.      Whirlpool currently owns and formerly operated a manufacturing facility in Fort Smith, Arkansas.

5.      According to Whirlpool, for decades, it utilized a toxic chemical, trichloroethylene, to clean metal refrigerator parts before assembly at its manufacturing plant in Fort Smith.

Page 1 of 7



EXHIBIT
A
Bamberg No. 5538

*CU-201300516-A-F*

6. Whirlpool has admitted to the Fort Smith City Directors that the chemical trichloroethylene was gradually leaked into the groundwater at its Fort Smith facility over time from the north end of the company's property at 6400 Jenny Lind Road. In addition, Whirlpool has represented that it has no record of a trichloroethylene spill and that it did not discover the chemical in the groundwater at its plant until approximately 2000, at which time Whirlpool claims that it notified the Arkansas state environmental agency.

7. Whirlpool, through Jeff Noel, its corporate vice president for communications and public affairs has admitted to the City of Fort Smith its liability for the contamination and has stated as follows:

> "Whirlpool takes responsibility for the release from our plant and we are committed to handling the situation in an open and responsible manner."

8. Whirlpool claims that since 2000 it has been working with state regulators to determine the extent of the contamination and devise methods to clean it up. Whirlpool, according to its officials, has utilized two (2) methods within the last year to clean up the trichloroethylene-sucking it out of the ground and trying to neutralize it chemically. Unfortunately, both attempts were unsuccessful.

9. The Sebastian County Assessor, in recognition of the economic impact on the property owners in the impacted area, has graciously reduced real estate values twenty-five to seventy-five percent (25%-75%) for real estate tax purposes to assist the impacted real estate property owners.

10. Plaintiff contacted Whirlpool directly about remediating the environmental problem at his real property which is located within the impacted area and compensating him for his

economic loss. Whirlpool has failed and refused to provide Plaintiff and the other putative class

members compensation and/or to implement a viable plan to clean up the environmental disaster.

## IV. CLASS ACTION ALLEGATIONS

11.     Pursuant to Arkansas Rule of Civil Procedure 23, Plaintiff brings this action on behalf

of a class defined as follows:

> All residents in Sebastian County, Arkansas whose
> property has been impacted by the leakage of the
> chemical trichloroethylene into the groundwater
> beneath the surface of the contaminated area which
> emanated from the manufacturing plant owned and
> formerly utilized by Whirlpool Corporation. Excluded
> from the class is Whirlpool Corporation and its
> officers, directors, management, employees,
> subsidiaries, or affiliates.

12.     Members of the class are so numerous that joinder is impracticable. Plaintiff believes

that there are approximately fifty-five (55) parcels of property that have been directly impacted in

the contaminated area. The class is readily identifiable from the information and records maintained

by Whirlpool.

13.     Plaintiff's claims are typical of the claims of the members of the class. Plaintiff and

all members of the class were damaged by the same wrongful conduct of Whirlpool.

14.     Plaintiff will fairly and adequately protect and represent the interests of the class. The

interests of the Plaintiff are coincident with, and not antagonistic to, those of the class.

15.     Plaintiff is represented by counsel who is experienced and competent in the

prosecution of class action litigation.

16.     Questions of law and fact common to the members of the class predominate over

questions that may affect only individual class members because Whirlpool has acted on grounds

generally applicable to the entire class, thus determining damages with respect to the class as a whole

is appropriate. Such generally applicable conduct is inherent in Whirlpool's wrongful conduct.

17.     Questions of law and fact common to the class include:

(a) whether the chemical trichloroethylene leaked into the groundwater at
Whirlpool's Fort Smith facility;

(b) whether the alleged leak migrated onto the adjacent real property owned by
Plaintiff and the putative class members;

(c) whether the leakage has caused a trespass as defined by Arkansas law on the real
property owned by Plaintiff and the putative class members;

(d) whether the leakage constitutes a nuisance as defined by Arkansas law that
impacts Plaintiff and the putative class members;

(e) whether the actions of Whirlpool as described in the Complaint constitute a
violation of the Arkansas Deceptive Trade Practices Act;

(f) whether Whirlpool has fraudulently concealed the nature and extent of the
environmental disaster from Plaintiff and the other putative class members;

(g) whether Plaintiff and the putative class members are entitled to damages for the
alleged trespass, nuisance and violation of the Arkansas Deceptive Trade Practices
Act; and

(h) whether Plaintiff and the putative class members are entitled to punitive damages.

18.     Class action treatment is a superior method for the fair and efficient adjudication of

the controversy. Such treatment will permit a relatively large number of similarly situated persons

or entities to prosecute their common claims in a single forum simultaneously, efficiently, and

without the unnecessary duplication of evidence, effort, or expense that numerous individual actions

would engender. The benefits of proceeding through the class mechanism, including providing

injured persons or entities a method for obtaining redress on claims that could not practically be

pursued individually, substantially outweighs potential difficulties in management of this class.

Page 4 of 7

19.     Plaintiff knows of no special difficulty to be encountered in the maintenance of this class action.

## V. CLAIMS FOR RELIEF
### A. Trespass

20.     Plaintiff and the putative class members restate and reallege each and every allegation set forth in Paragraph Nos. 1-19 above.

21.     Based specifically on the conduct referred to above, Whirlpool has trespassed on the real property of Plaintiff and the putative class members.

22.     Whirlpool's failure to remediate the contamination constitutes a willful and continuing illegal act under Arkansas law.

23.     As a result thereof, Plaintiff and the putative class members are entitled to damages in an amount to be determined by the trier fact in excess of that required for federal court jurisdiction in diversity of citizenship cases.

### B. Nuisance

24.     Plaintiff and the putative class members restate and reallege each and every allegation set forth in Paragraph Nos. 1-23 above.

25.     Based upon the allegations set forth above, Whirlpool's conduct constitutes a substantial and unreasonable interference with the use and enjoyment of Plaintiff's real property and the real property owned by the putative class members.

26.     The interference with the peaceful enjoyment of the real property of Plaintiff and the putative class members has created a reasonable fear for the safety of the individuals within the impacted area.

27.     As a result of the aforementioned conduct, Plaintiff and the putative class members are entitled to damages in an amount to be determined by the trier fact in excess of that required for federal court jurisdiction in diversity of citizenship cases.

C. Violation of the Arkansas Deceptive Trade Practices Act

28.     Plaintiff and the putative class members restate and reallege each and every allegation set forth in Paragraph Nos. 1-27 above.

29.     Based specifically on the conduct described herein, Whirlpool has engaged in unconscionable, false, and deceptive acts and practices in business and commerce.

30.     As a proximate result thereof, Plaintiff and the putative class members have been damaged in an amount to be determined by the trier of fact in excess of that required for federal court jurisdiction in diversity of citizenship cases.

D. Fraudulent Concealment

31.     The violations of law are continuing in nature because the damages that Whirlpool has caused is not complete and/or ascertainable. In addition, the fact that Whirlpool has failed and/or refused to remove the contamination constitutes a continuing wrong and therefore all applicable statute of limitations have been tolled.

E. Punitive Damages

32.     Plaintiff and the putative class members restate and reallege each and every allegation set forth in Paragraph Nos. 1-31 above.

33.     Whirlpool knew or ought to have known, in the light of the surrounding circumstances, that its conduct would naturally and probably result in damage and that Whirlpool continued such conduct with malice or reckless disregard of the consequences from which malice

may be inferred. In addition, Whirlpool intentionally pursued a course of conduct for the purpose of causing damage to Plaintiff and the putative class members.

34.     As a result thereof, Plaintiff and the putative class members are entitled to damages in an amount to be determined by the trier fact in excess of that required for federal court jurisdiction in diversity of citizenship cases.

WHEREFORE, Plaintiff, Scott Day and the putative class members respectfully pray for judgment in an amount to be determined by the trier fact in excess of that required for federal court jurisdiction in diversity of citizenship cases, their costs, attorney's fees, and for all other proper relief.

Respectfully Submitted,

SHEMIN LAW FIRM, PLLC
3333 Pinnacle Hills Parkway
Suite 603
Rogers, Arkansas 72758
Telephone: (479) 845-3305
Facsimile: (479) 845-2198

By:

Kenneth R. Shemin
Arkansas Bar No. 78138

## SUMMONS

### IN THE CIRCUIT COURT OF
### SEBASTIAN COUNTY, ARKANSAS
### CASE NUMBER: CV-13- 516 $\text{VI}$

**PLAINTIFF:**              **SCOTT DAY, individually and on behalf of all others similarly situated**

**v.**

**DEFENDANT:**           **WHIRLPOOL CORPORATION**

**Plaintiff's Attorney: Kenneth R. Shemin**
                      **3333 Pinnacle Hills Parkway, Suite 603**
                      **Rogers, Arkansas 72758**

**STATE OF ARKANSAS TO DEFENDANT:**     **WHIRLPOOL CORPORATION**
                                       **CORPORATION SERVICE COMPANY**
                                       **300 SPRING BUILDING, SUITE 900**
                                       **LITTLE ROCK, ARKANSAS 72201**

### NOTICE

      1.     You are hereby notified that a lawsuit has been filed against you in connection with the above-referenced matter; the relief requested is stated in the attached Complaint.

      2.     The attached Complaint may be considered admitted by you and an order by default may be entered against you for the relief asked in the Complaint unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

            A.     It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.

            B.     It must be filed in the court clerk's office within **thirty** (30) days from the day you were served with this summons.

      3.     If you desire to be represented by an attorney, you should immediately contact your attorney so that a response can be filed for you within the time allowed.

      4.     ADDITIONAL NOTICES:_____

WITNESS MY HAND AND SEAL OF THE COURT this 20th day of May, 2013.

### DENORA COOMER

        Ms. Denora D. Coomer

        Sebastian County Circuit Clerk

        901 South B Street, Room 205

        Fort Smith, Arkansas 72901

        Deputy Clerk

**Multiple claims.** If a complaint asserts multiple claims which involve different subject matter divisions of the circuit court, the cover sheet for that division which is most definitive of the nature of the case should be selected and completed.

# COVER SHEET
# STATE OF ARKANSAS
# CIRCUIT COURT: CIVIL

To Save a copy of this form to your computer, please click the disk icon on the toolbar above.

The civil reporting form and the information contained herein shall not be admissible as evidence in any court proceeding or replace or supplement the filing and service of pleadings, orders, or other papers as required by law or Supreme Court Rule. This form is required pursuant to Administrative Order Number 8. Instructions are located on the back of the form.

## FILING INFORMATION

County: Sebastian    District: _____    Docket Number: CV-13-516

Judge: Cox    Division: VI    Filing Date: 5-20-13

Plaintiff: Scott Day and all others similarly situated   Defendant: Whirlpool Corporation

Attorney Providing Information: Kenneth R. Shemin    Shemin Law Firm, PLLC
☑ Plaintiff    ☐ Defendant    ☐ Intervenor    Address  3333 Pinnacle Hills Parkway, Suite 603
Rogers, AR 72758

Litigant, if Pro Se: _____

Related Case(s): Judge _____    Address _____
Case Number(s) _____

**Type of Case:**

| Torts | Equity | Miscellaneous |
|---|---|---|
| ☐ (NM) Negligence: Motor Vehicle | ☐ (FC) Foreclosure | ☐ (CD) Condemnation |
| ☐ (NO) Negligence: Other | ☐ (QT) Quiet Title | ☐ (RE) Replevin |
| ☐ (BF) Bad Faith | ☐ (IJ) Injunction | ☐ (DJ) Declaratory Judgment |
| ☐ (FR) Fraud | ☐ (PT) Partition | ☐ (UD) Unlawful Detainer |
| ☐ (MP) Malpractice | ☐ (OT) Other _____ | ☐ (IN) Incorporation |
| ☐ (PL) Product Liability | | ☐ (EL) Election |
| ☑ (OD) Other Trespass, Nuisance | | ☐ (FJ) Foreign Judgment |
| **Contracts** | | ☐ (WT) Writs _____ |
| ☐ (IS) Insurance | | ☐ (AA) Administrative Appeal |
| ☐ (DO) Debt: Open Account | | ☐ (CF) Property Forfeiture |
| ☐ (PN) Debt: Promissory Note | | ☐ (RD) Remove Disabilities |
| ☐ (EM) Employment | | ☐ (NC) Name Change |
| ☐ (OC) Other _____ | | ☐ (OM) Other _____ |

Jury Trial Requested: ☑ Yes ☐ No    **Manner of Filing:** ☑ Original ☐ Re-open ☐ Transfer
☐ Return from Federal/Bankruptcy Court

## DISPOSITION INFORMATION

Disposition Date: _____    ☐ Bench Trial    ☐ Non-Trial    ☐ Jury Trial

**Judgment Type:**
☐ (DJ) Default Judgment
☐ (SJ) Summary Judgment
☐ (CJ) Consent Judgment
☐ (TJ) Trial Judgment
☐ (OJ) Other Judgment
☐ (PG) Petition Granted
☐ (PD) Petition Denied
☐ (DF) Decree of Foreclosure

**Dismissal Type:**
☐ (DW) Dismissed with Prejudice
☐ (DN) Dismissed without Prejudice

**Other:**
☐ (TR) Transferred to Another Jurisdiction
☐ (RB) Removed to Bankruptcy Court
☐ (RF) Removed to Federal Court
☐ (AR) Arbitration

**Judgment For:**
☐ Plaintiff  ☐ Defendant    ☐ Both    Judgment Amount: $ _____

'erk's Signature    Date

Send 1 paper or electronic copy to AOC upon filing.
Send 1 paper or electronic copy to AOC upon disposition.
Keep original in court file.

**Effective 1-1-2002**